MARK S. POSARD  (SBN 208790)
 mposard@gordonrees.com
SUSAN B. MEYER  (SBN 204931)
 smeyer@gordonrees.com
GORDON REES SCULLY
 MANSUKHANI, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607
Telephone:  (510) 463-8600
Facsimile:   (510) 984-1721

MICHAEL D. KANACH  (SBN 271215)
 mkanach@gordonrees.com
GORDON REES SCULLY
 MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Plaintiff,
VACC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VACC, INC., a California Corporation<br><br>                    Plaintiff,<br><br>     vs.<br><br>JON BYRON DAVIS (aka J. Byron Davis), an individual,<br><br>                    Defendant. | CASE NO.<br><br>**PLAINTIFF VACC, INC.'S COMPLAINT FOR:**<br><br>1)  **CORRECTION OF INVENTORSHIP AND OWNERSHIP OF PATENT APPLICATION;**<br><br>2)  **MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF CAL. CODE CIV. PROC. § 3426;**<br><br>3)  **BREACH OF FIDUCIARY DUTY;**<br><br>4)  **COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030;**<br><br>5)  **CALIFORNIA COMPREHENSIVE DATA ACCESS AND FRAUD ACT, CAL. PEN. CODE § 502;**<br><br>6)  **FALSE ADVERTISING IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. §** |

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1125(A);

7) **FALSE ADVERTISING AND UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200;**

8) **NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONS; AND**

9) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**DEMAND FOR JURY TRIAL**

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

PLAINTIFF VACC, INC.'S COMPLAINT                                                    Case No.

COMES NOW Plaintiff, VACC, Inc., a California Corporation ("VACC"), complains of JON BYRON DAVIS (aka J. Byron Davis) ("Defendant") as follows:

## I. PARTIES

1.      Plaintiff VACC, Inc., is now and at all times herein mentioned was a corporation organized and existing under the laws of the State of California with its principal place of business located at 490 Post Street, Suite 1427, San Francisco CA, 94102.

2.      Defendant Jon Byron Davis, also known as J. Byron Davis, is now and at all times was an individual residing in San Francisco, California, and, upon information and belief, currently resides in San Francisco, California, at 1015 Florida Street, San Francisco, CA 94110, and works in San Francisco, California.

## II. JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to several federal causes of action.  This is an action for correction of inventorship and ownership of a patent application arising under the patent laws of the United States, 35 U.S.C. §256, with related counts.  In addition, this Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, as the Plaintiff's Computer Fraud and Abuse Act claim and Plaintiff's Lanham Act claim each separately arises under federal law, specifically, 18 U.S.C. § 1030, *et seq*., and 15 U.S.C. § 1125, *et seq*.

4.      This Court has supplemental subject matter jurisdiction over the pendent common law and state law claims under 28 U.S.C. § 1367 because these claims are so related to VACC's claims under federal law that they form part of the same case or controversy and drive from a common nucleus of operative fact.

5.      This Court has personal jurisdiction over Defendant because he resides in this judicial district, and because he has conducted and does conduct business within the State of California and this judicial district.

6.      Venue this district is appropriate under 2 U.S.C. §§ 1391 and 1400 because the events giving rise to the dispute occurred in this district.  Defendant has done business in this District and committed the acts alleged herein in this District, and continues to improperly hold Plaintiff's property in this District, all of which entitle Plaintiff to relief.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-1-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

### III. INTRADISTRICT ASSIGNMENT

7.      Assignment of this matter to the San Francisco Division is appropriate because San Francisco County is the county in which the action arises.  A substantial part of the events or omissions which give rise to the claims below occurred in San Francisco and a substantial part of the property that is the subject of the action is situated in San Francisco.  This action involves causes of action involving intellectual property, including a patent application and trade secrets.

### IV. NATURE OF THE ACTION

8.      VACC seeks injunctive relief for correction of inventorship and ownership with respect to a provisional patent application.  VACC additionally seeks injunctive and monetary relief for acts of trade secret misappropriation, breach of fiduciary duty, false advertising, and unfair competition.  VACC additionally seeks appropriate damages for acts of intentional and negligent interference with contract and prospective business relationships.

### V. FACTUAL BACKGROUND

**Plaintiff VACC**

9.      VACC provides services in the noise and vibration control industry.  Specifically, VACC provides a variety of services for the measurement, control and monitoring of vibration, noise and acoustics.  For example, VACC provides interior and environmental vibration and noise control and acoustical designs for architectural designs, structural designs as well as product and tool designs.  Moreover, VACC not only designs systems and structures for noise control and abatement but also tests and monitors them for performance using acoustical and micro-vibration analyses.

**Defendant, Former Employee of VACC**

10.      From approximately January 1, 2000, to approximately August 11, 2015, Defendant was employed by VACC, as an associate and ultimately an executive officer of VACC and acted in the role of Vice President.

11.      Defendant began competing directly against VACC immediately after leaving VACC.

12.      During his employment with VACC, Defendant was tasked with, among other

-2-

PLAINTIFF VACC, INC.'S COMPLAINT                                    Case No.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    things, the design and development of vibration and noise monitoring systems.

2         13.    In 2012, Defendant, as an employee of VACC was developing a monitoring

3    system which would take advantage of pre-existing technology in cellphones.  Though such

4    activities were clearly within the scope of Defendant's employment with VACC he nonetheless

5    had intended to develop the product on his own to profit from the device, which was later to be

6    developed by VACC and its staff, commercialized by VACC, and used by VACC to support

7    VACC's existing clientele.  Specifically, Defendant sought a royalty from VACC for coming up

8    with the monitoring device idea while relying on VACC to develop, market and commercialize

9    the monitoring device.

10         14.    Defendant looked to VACC and its personnel to assist with the design and

11    creation of the cell phone monitoring system prototype and to pay for the development and

12    marketing of the product.

13         15.    VACC, its personnel, and a third party hired by VACC developed the software

14    and hardware related to the cell phone monitoring system.

15         16.    The cell phone monitoring system was intended to be used to service VACC's

16    existing clients.

17         17.    Additionally, VACC has plans to license the technology to third parties.

18         18.    Though the design, development, marketing and roll-out of the cell phone

19    monitoring system was to be headed up by VACC, the parties were in discussions as to the split

20    of proceeds from the license or sale of the cell phone monitoring system to incentive Defendant

21    to head up the development of the system and to do so in a timely fashion.

22         19.    Immediately after Defendant's employment terminated in or around August 2015,

23    Defendant filed a provisional patent application titled "SENSOR DATA GATHERING,

24    THRESHOLD EXCEEDANCE DETERMINATION, AND ALERT GENERATION MOBILE

25    DEVICE COMMUNICATION SYSTEM," application number 62/216,250, on September 9,

26    2015. (the "CLAIMED INVENTION")

27         20.    As described below in more detail, Defendant has falsely claimed sole

28    inventorship and ownership of the provisional patent application and CLAIMED INVENTION.

-3-

21.     Further, Defendant took other intellectual property from VACC, including confidential information and misappropriated trade secrets to VACC's detriment so that Defendant could directly compete against VACC in the same industry related to the same customers.

22.     Defendant could not have competed against VACC in this industry as quickly as he was able to but-for his misappropriation of trade secrets and unauthorized access to VACC's files.

23.     As described below in more detail, Defendant accessed information on computers without authorization or permission and used such information without authorization for fraudulent purposes and to compete with his former employer VACC.

24.     Defendant stole customers from VACC, including OSHU, whom VACC had consulted with for several years on a new facility and also installed monitors in OSHU's existing facility.

25.     As described below in more detail, Defendant hid the fact that Defendant had been working with OSHU on a new project for several months while employed by VACC, the Vollum project, which Defendant took with him after he left without informing VACC.

26.     As described below in more detail, Defendant hid the fact that Defendant had been working with JDH Corrosion Consultants, which Defendant took with him after he left without informing VACC.

27.     As described below in more detail, Defendant breached his fiduciary duties by competing directly against VACC, including while employed by VACC and acting in his role as Vice President.

## FIRST CLAIM

### (Correction of Inventorship and Ownership of Patent Application)

28.     VACC realleges and incorporates by reference paragraphs 1-27 above as though fully set forth herein.

29.     On information and belief, on September 9, 2015, Defendant filed for a provisional patent titled "SENSOR DATA GATHERING, THRESHOLD EXCEEDANCE

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-4-

1   DETERMINATION, AND ALERT GENERATION MOBILE DEVICE COMMUNICATION

2   SYSTEM," application number 62/216,250.

3          30.     Said technology was developed between 2012 and August 2015 while Defendant

4   was an employee of VACC in the course and scope of his employment with VACC, using

5   VACC employees, funds and resources.

6          31.     Defendant was not the actual or sole inventor of the invention identified in the

7   above provisional patent.  Other employees of VACC were involved in the development of the

8   invention, including Ahmad Bayat and Tyler Rynberg, and a third-party was hired by VACC to

9   assist with development of the hardware and the software which is, upon information and belief,

10  the subject of the claimed invention.

11         32.     Defendant was not the owner of the patent application.  VACC is an owner based

12  on VACC's employment of Defendant with respect to the very same industry that is the subject

13  of the invention.

14         33.     Thus, upon information and belief, Defendant fraudulently identifies inventorship

15  and ownership on his provisional patent application, by stating that Defendant is the sole

16  inventor and by stating that Defendant is the owner of the invention, by excluding Plaintiff (and

17  other third parties) from representations to the USPTO regarding inventorship and ownership,

18  and any patent that issues from said application will be invalidated for fraud based on statements

19  made to the USPTO which intentionally conceal the identities of the inventor(s) and owner of the

20  invention.

21         34.     Defendant's fraudulent and misleading statements to the USPTO have denied

22  VACC the ability to rightfully (a) seek a patent on the technology identified by Defendant as the

23  "SENSOR DATA GATHERING, THREHOLD EXCEEDANCE DETERMINATION, AND

24  ALERT GENERATION MOBILE DEVICE COMMUNICATION SYSTEM," (b) benefit from

25  exclusively licensing that technology to third parties, (c) claim inventorship, (d) claim

26  ownership, (e) control the patent application prosecution strategy, and (f) represent that the

27  invention is patent-pending and/or otherwise profit and benefit from ownership both financially

28  and through marketing, promotions, and creating good will as an innovative company.  Each of

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

these facts provides a basis for damages caused by Defendant and each expects to be ongoing and developing during the prosecution of the patent application(s).

35.     At all times relevant, Defendant knew the inventor(s) and knew the owner; Defendant knew the representations to be false and fraudulent at the time they were made; and yet Defendant made those representations with the intent to defraud and deceive the USPTO, to induce the USPTO to issue a patent to Defendant as the sole inventor and owner, and to benefit.

36.     Upon information and believe, Defendant has made statements to others (not at the USPTO) regarding claims of inventorship and/or ownership of the technology.

37.     As a proximate result of Defendant's fraud, VACC has sustained general damages in an amount presently unascertained.

## SECOND CLAIM

### (Misappropriation of Trade Secrets in Violation of Cal. Code Civ. Proc. § 3426)

38.     VACC realleges and incorporates by reference paragraphs 1-37 as though fully set forth herein.

39.     Defendant, through improper means, misappropriated VACC's trade secrets and processes of VACC, including, but not limited to, proprietary source code, information regarding hardware and software, designs, bill of materials, customer lists, financial and pricing information, templates and other proprietary information including technical data and documentation that together comprise.

40.     For example, several folders of documents and data that VACC considers proprietary include:

(1) Testmonster: This folder contains all the proprietary hardware, bill of materials and other details and software source code referenced above relating to VACC's monitoring systems;

(2) Design Tools: This folder includes calculations, software programs, templates, specifications, and tools VACC developed over fifteen years;

(3) Projects: This folder has all of VACC's client projects and clients for the past fifteen years.  Past projects are archived here and active projects are included here.  Design and engineering work VACC has done on these projects are extremely valuable for VAAC in doing future work.

-6-

(4) Templates - this folder contains VACC's report templates and spreadsheet templates for data processing. Since VACC takes vibration and noise measurements, VACC has developed different templates to process those types of data.

(5) Proposals – includes all past and present proposals for new projects. Details and the costing in these projects are proprietary to VACC and someone else can get an unfair advantage by knowing how VACC pricing works.

(6) Marketing – this folder contains all marketing materials developed by VACC. The defendant can use these material to develop his own marketing materials.

41.     The data and information, including those listed above, are company assets that give VACC an edge over its competitors.  A person or company beginning in the vibration and acoustic consulting business would require months (if not years) to develop these documents and templates which are powerful efficiency tools in processing data.

42.     VACC's trade secrets have economic value, for example, in that they provide VACC a competitive advantage in preparing and making bid proposals for various contracts. These contracts are highly competitive and the trade secrets and processes made mention of above would impact the final bid price, which could be the determinative factor in selecting the winning bid and awarding the contract.

43.     VACC's trade secrets, including those listed above, are not generally known to the public or to others, from which VACC derives independent economic value.

44.     VACC has engaged and continues to engage in efforts to maintain the secrecy of its trade secrets, including, but not limited to, to heightened security measures, limiting access to VACC's trade secrets within the organization and through the use of password protection and other similar security measures, and requiring third parties sign confidentiality and non-disclosure agreements.

45.     VACC is informed and believes and thereon alleges that after Defendant's employment with VACC ended, Defendant misappropriated the above listed trade secrets by making and keeping copies of VACC's files and is currently using this information to unfairly compete with VACC.

46.     Defendant knew or should have known that this information was acquired from

-7-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    VACC and should have maintained its secrecy.

2         47.   On information and belief, Defendant's wrongful conduct has caused great and

3    irreparable injury to VACC's business in that, for example, VACC has lost several profitable

4    contracts due to the theft and misappropriation of its trade secrets and processes.

5         48.   As a proximate result of Defendant's misappropriation of VACC's trade secrets,

6    VACC has sustained general damages in an amount presently unascertained.

7         49.   As a further proximate result of Defendant's misappropriation of VACC's trade

8    secrets, VACC has sustained incidental and consequential damages, including damage to its

9    reputation, lost business opportunities, and otherwise to perform and compete for other contracts

10   in an amount presently unascertained.

11        50.   VACC has suffered and continues to suffer an irreparable injury by Defendant's

12   wrongful acts of theft of trade secrets, and no remedy available at law would be sufficient to

13   compensate it for that injury.

14        51.   Considering the balance of the hardships between VACC and Defendant, an

15   injunction is warranted and the public interest would not be disserved by the issuance of an

16   injunction.

17        52.   VACC is entitled to a preliminary and permanent injunction restraining

18   Defendant, and all persons or entities acting in concert with Defendant, from engaging in further

19   acts constituting misappropriation of trade secrets.

20        53.   VACC is additionally entitled to actual damages for injuries sustained as a result

21   of Defendant's wrongful actions in misappropriation and misuse of VACC's trade secrets.

22        54.   As a further proximate result of Defendant's wrongful conduct, Defendant has

23   been and will be unjustly enriched in an amount to be proven at trial.

24        55.   In the event that neither VACC's actual damages nor Defendants unjust

25   enrichment are provable, VACC is entitled to a reasonable royalty for using its trade secrets, as

26   provided by Cal. Code Civ. Proc. § 3426.3(b).

27        56.   Defendant's misappropriation of VACC's trade secrets was and is willful and

28   malicious.  VACC is therefore entitled to exemplary or punitive damages pursuant to Cal. Code

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-8-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  Civ. Proc. § 3426.3.  VACC is further entitled to recover attorneys' fees and costs pursuant to

2  Cal. Code Civ. Proc. § 3426.4.

3  **THIRD CLAIM**

4  **(Breach of Fiduciary Duty)**

5  57.     Plaintiff realleges and incorcorporates by reference paragraphs 1-56 as though

6  fully set forth herein.

7  58.     During his employment, including in his role as Vice President, Defendant was

8  paid a salary and bonus and performed various supervisorial and managerial duties, including but

9  not limited to, managing the staff at VACC, increasing the staff's productivity and supervising

10  and overseeing development of products including in-part the product that was later the subject

11  of the CLAIMED INVENTION.

12  59.     As an employee and as an officer of VACC, Defendant was entrusted with

13  maintaining various VACC proprietary and confidential information and not disclosing the

14  information or using it for his own personal and/or financial gain, including VACC's trade

15  secrets, among other things.

16  60.     Defendant owed VACC a fiduciary duty to uphold VACC's interests and to

17  faithfully perform his duties as the Vice President of VACC.

18  61.     Defendant was obligated and entrusted to use such information only in the

19  performance of his duties as an employee and officer of VACC, to hold such information in

20  confidence and trust, and to use all reasonable precautions to assure that such information was

21  not disclosed to unauthorized persons or used in an unauthorized manner, both during and after

22  his employment at VACC.

23  62.     The trust and confidence that VACC placed in Defendant gave rise to a fiduciary

24  duty not to disclose VACC's proprietary and confidential information or use it for personal gain,

25  including the VACC confidential information.

26  63.     On information and belief, in acting as Vice President of VACC, Defendant did

27  not exercise the care required of him in that he failed to, among other things, avoid conflicts of

28  interest and competed against VACC and/or prepared to compete against VACC while still in the

-9-

employment of VACC.

64.    On information and belief, Defendant engaged in and/or prepared to engage in self-interested transactions while he was still employed by VACC and while acting as a fiduciary for VACC.  Among other things, Defendant appeared to divest from VACC a corporate opportunity work on and/or continue to work on the Vollum Project at the Oregon Health Sciences University ("OHSU") in Portland, OR.  This project involved the renovation of the Vollum building on the OHSU campus.

65.    Contrary to his duty of loyalty to fully disclose the facts of the Vollum project prior to taking said corporate opportunity away from VACC, Defendant never disclosed or discussed the project with anyone at VACC and did not log the project as he should have in the corporate Projects file like he should have.  Instead, and while still working as an employee of VACC, Defendant apparently did the job on the side with the intention to take that contract (which should have gone to or stayed with VACC) when he left employment with VACC.

66.    Defendant had been in discussions with OHSU regarding the Vollum project for months prior to leaving VACC, including email correspondence from at least as early as January 2015 through August 2015.

67.    However, it was not until after his departure from VACC that VACC first learned of this project and Defendant's conspiracy to conceal this project from VACC in order to deny VACC of the benefits of this project and continued benefits of advising OHSU and its architects regarding the Vollum project.

68.    Today, Defendant's resume lists the Vollum project as one of his projects, as well as other projects, and Defendant's new employer lists this information on its webpage.

69.    Upon information and belief, Defendant lists as its projects certain projects that were either (1) projects performed while Defendant was working at VACC, (2) projects that Defendant worked on both before and after working at VACC, (3) projects that Defendant took from VACC when Defendant left his employment with VACC, or (4) projects where Defendant bid in direct competition with VACC.

70.    The aforementioned acts of Defendant were performed in direct contravention of,

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-10-

1   and with an utter disregard for, the fiduciary duty he owed to VACC.

2       71.   With respect to VACC's Vollum project, VACC's business relations with OHSU

3   and the architectural firm tasked with the Vollum project (Orangewall Studios architecture and

4   planning ("Orangewall")) has been damaged as a result of Defendant's breach of fiduciary duty.

5       72.   With respect to VACC's project with JDH Corrosion Consultants related to a

6   project titled 3rd Street Light Pole Vibration Study (hereinafter referred to as the "3rd Street

7   Project"), VACC entered into an agreement while Defendant was employed by VACC.

8       73.   VACC, including Defendant and at least one other VACC employee, had at least

9   one meeting with the client related to the 3rd Street Project.

10      74.   On August 26, 2015, approximately two weeks after Defendant left his

11  employment at VACC on August 11, 2015, a representative of JDH Corrosion Consultants

12  contacted VACC to terminate the agreement.

13      75.   Upon information and belief, and based on Defendant's advertising, it appears

14  that Defendant continued working on this project after Defendant left his employment with

15  VACC.

16      76.   As a proximate result of Defendant's breach of his fiduciary duty, Defendant has

17  profited and VACC has sustained general damages in an amount presently unascertained.

18      77.   As a further proximate result of Defendant's breach of his fiduciary duties, VACC

19  has sustained incidental and consequential damages, including damages to its reputation, lost

20  business opportunities to transact business with JDH Corrosion Consultants, Orangewall, and

21  OHSU, and otherwise to perform and compete for other contracts in an amount presently

22  unascertained.

23                          **FOURTH CLAIM**

24          **(Computer Fraud and Abuse Act, 18 U.S.C. § 1030)**

25      78.   VACC repeats and re-alleges the allegations contained in paragraphs 1- 77 as

26  though fully set forth herein.

27      79.   VACC's computer equipment, including the laptop computer issued to Defendant

28  at the time he was hired by VACC, can connect to the Internet and was used in interstate

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-11-

commerce.  Accordingly, such computers are "protected computers" within the meaning of the Computer Fraud and Abuse Act.

80.    Upon information and belief, beginning in or around January 2015 and continuing after August 2015.  Thus, as of that time, Defendant either intentionally accessed a computer without access or intentionally exceeded authorized access to VACC's computer network, systems, including for example the six proprietary folders referenced above, and the laptop computer issued to Defendant.

81.    As described previously, Defendant breached his fiduciary duty to VACC by divesting VACC of corporate opportunity and/or continued opportunity related to the Vollum project at OHSU.

82.    Upon information and belief, Defendant knew he was accessing information which he was not authorized to access.

83.    On information and belief, without authorization, Defendant repeatedly and routinely accessed protected computers owned by VACC following breach of his fiduciary duty to VACC.  On information and belief, during his unauthorized access, Defendant copied and misappropriated electronic data, including but not limited to VACC trade secrets and processes.

84.    As a result of Defendant's actions, VACC has sustained general damages in an amount presently unascertained.

85.    VACC has also sustained incidental and consequential damages, including damage to its reputation, lost business opportunities to transact business with JDH Corrosion Consultants , Orangewall, and OHSU, and otherwise to perform and compete for other contracts in an amount presently unascertained.

### FIFTH CLAIM

**(California Comprehensive Data Access and Fraud Act, Cal. Pen. Code § 502)**

86.    VACC realleges and incorporates by reference paragraphs 1-85 as though fully set forth herein.

87.    Defendant violated California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502(c)(1)(A) by knowingly accessing and without permission using

-12-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Plaintiff's computers, computer systems, peripherals, computer networks, and/or data stored therein to devise and execute a scheme or artifice to defraud, deceive and/or extort. As stated above, Defendant breached his fiduciary duty to VACC, and Defendant knowingly accessed data and without permission used the data.

88.   Defendant used and accessed computers, computer systems, computer networks, and/or data stored therein without permission in violation of California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502 et seq. for the purpose of bypassing the time, effort, and expense required for defendants to develop, market, distribute, and sell its own services and/or goods.

89.   Upon information and belief, Defendant's knowing access was at a time when Defendant lacked authorization to access, copy, alter, make or use any data from a computer, computer system, or computer network owned or operated by VACC because Defendant did not work at VACC at that time or had already determined he was leaving VACC to begin a competing company.

90.   Alternatively, if Defendant's knowing access was at a time when Defendant had authorization or permission generally to access data from a computer, computer system, or computer network owned or operated by VACC for the benefit of VACC because Defendant was at that time an employee of Plaintiff, then Defendant's authorization or permission was exceeded by the manner in which Defendant accessed, copied, altered, made, and/or used the data from the computer, computer system, or computer network owned or operated by VACC.  Defendant did not have permission to use the data to directly compete against VACC and/or steal VACC's customers or related data.

91.   Moreover, following breach of his fiduciary duty defendant was prohibited from taking or copying any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network owned or operated by VACC.

92.   On information and belief, without authorization, Defendant repeatedly and routinely accessed protected computers owned by VACC.  On information and belief, during his unauthorized access, Defendant copied and misappropriated electronic data, including but not

-13-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    limited to VACC trade secrets and processes including documents stored in the four folders
2    referenced above.

3          93.    Upon information and belief, Defendant knew he was accessing information
4    which he was not authorized or permitted to access and was using the data for improper
5    purposes.

6          94.    As a result of Defendant's actions, VACC has sustained general damages in an
7    amount presently unascertained.

8          95.    VACC has also sustained incidental and consequential damages, including
9    damage to its reputation, lost business opportunities to transact business with JDH Corrosion
10   Consultants, Orangewall, and OHSU, and otherwise to perform and compete for other contracts
11   in an amount presently unascertained.

**SIXTH CLAIM**

**(False Advertising in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

14         96.    VACC realleges and incorporates by reference paragraphs 1-95 above as though
15   fully set forth herein.

16         97.    In addition to Defendant's false and fraudulent statements related to inventorship
17   and ownership, Defendant makes further representations that are misleading and likely to cause
18   consumer confusion as to affiliation, sponsorship, and source of Defendant's goods and services,
19   related to Defendant's competing vibration consulting services.  For example, Defendant
20   describes Plaintiff's projects, including on the website run by Defendant's new company,
21   Defendant has made false or misleading representations regarding ownership and inventorship of
22   the invention, which relates to goods and/or services which constitutes a false designation of
23   origin, false or misleading description of fact, or false or misleading representation of fact, which
24   is likely to mislead customers and the public as to the inventor and owner of the invention, and to
25   Plaintiff's detriment.

26         98.    These false statements regarding Plaintiff's ownership and inventorship are likely
27   to cause confusion, or to cause mistake, or to deceive consumers with respect the correct owner
28   and inventor(s) of the invention.  These false statements will also confuse consumers as to the

-14-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

99.    Defendant is selling, advertising, and promotion its services and products in interstate commerce.

100.    By virtue of the conduct described above, Defendent has made false and misleading statements and misrepresentations of fact in commerce in communications with customers and potential customers, including on the website of Defendant's new company.

101.    Defendant's statements as described above, have a tendency to deceive and have deceived VACC's and Defendant's customers and potential customers.

102.    Defendant's statements are material and, upon information and belief, have affected customers' decisions about whether to purchase Defendant's systems or services.

103.    Defendant's activities set forth above constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

104.    On information and belief, Defendant acted willfully, intentionally, and in bad faith.

105.    VACC has suffered and continues to suffer an irreparable injury by Defendant's wrongful acts of false advertising including a loss of goodwill, and no remedy available at law would be sufficient to compensate VACC for that injury.

106.    Considering the balance of the hardships between VACC and Defendant, an injunction is warranted and the public interest would not be disserved by the issuance of an injunction.

107.    As such, VACC is entitled to a preliminary and permanent injunction restraining Defendant, and all persons or entities acting in concert with Defendant, from engaging in further acts constituting false advertising in violation of the Lanham Act.

108.    VACC is additionally entitled to actual damages in an amount to be proven at trial for injuries sustained as a result of Defendant's violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), recovery of Defendant's profits obtained through its wrongful actions, as well as recovery of attorneys' fees and costs of this action.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-15-

109.     Defendant should additionally be required to issue corrective advertising to repair the damage it has done to VACC with its customers and in the marketplace.

110.     Defendant should also be required to correct the inventorship and ownership of the provisional patent application to avoid further damage to VACC with its customers and in the marketplace.

**SEVENTH CLAIM**

**(False Advertising and Unfair Competition**

**in Violation of California Business and Professions Code § 17200)**

111.     VACC realleges and incorporates by reference paragraphs 1-110 as though fully set forth herein.

112.     Defendant has committed acts of unfair competition as defined by California Business and Professions Code § 17200, et seq., by engaging in at least the following unlawful practices:

(1)  Misappropriation and disclosure of confidential and proprietary VACC information to compete against VACC;

(2)  Tortious interference with VACC's economic relations with respect to – at least – the Vollum contract with OHSU and Orangewall and the 3rd Street Project agreement with JDH Corrosion Consultants;

(3)  Tortious interference with VACC's prospective economic relations with – at least – JDH Corrosion Consultants, OHSU, and Orangewall;

(4)  Violations of the Computer Fraud and Abuse Act;

(5)  Violations of the California Comprehensive Data Access and Fraud Act;

(6)  Fraud in the attempt to procure a United States Patent through fraudulent statements related to ownership and authorship; and

(7)  Representations to consumers and the public that misrepresent the truth as to the ownership and inventorship of the CLAIMED INVENTION.

113.     These acts and practices, as described above, violate California Business and Professions Code § 17200 in that they constitute unlawful business practices or acts prohibited

-16-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

thereunder.

114.    The unlawful, unfair and fraudulent business practices of Defendants as described above have damaged VACC's reputation, caused it to lose valuable contracts, and/or be unable to fairly compete with Defendant or his new business.

115.    As a direct and proximate cause of the aforementioned acts, the Vollum contract was not extended and Defendant has improperly obtained the benefits of that contract through his unfair competition.

116.    As a direct and proximate cause of the aforementioned acts, the JDH Corrosion Consultants contract was terminated and Defendant has improperly obtained the benefits of that contract through his unfair competition.

**EIGHTH CLAIM FOR RELIEF**

**(Negligent Interference with Economic Relations)**

117.    VACC realleges and incorporates by reference paragraphs 1-116 as though fully set forth herein.

118.    As a fiduciary to VACC Defendant owed VACC a duty of care and a duty of loyalty.

119.    Despite this duty of care and loyalty Defendant engaged in reckless conduct to the detriment of VACC.

120.    Specifically, Defendant was aware, of the Vollum project having worked on that project while still in the employ of VACC.

121.    On information and belief, Defendant worked on the Vollum project, at least in part, as an employee of VACC and was aware of the economic relationship between VACC and with Orangewall and OHSU.

122.    Specifically, Defendant was aware, of the 3rd Street Project having worked on that project while still in the employ of VACC.

123.    On information and belief, Defendant worked on the 3rd Street project, at least in part, as an employee of VACC and was aware of the economic relationship between VACC and with JDH Corrosion Consultants.

-17-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

124.    Having knowledge of this relationship as well as the breadth and the scope of the Vollum project and 3rd Street Project Defendant had a reason to know that VACC would likely reap a future economic benefit by further assisting on the Vollum project and 3rd Street Project, respectively.

125.    In accordance with its duty as a fiduciary to VACC Defendant was prohibited from engaging in conduct that would interfere with ? VACC to lose the probable future economic benefit or advantage arising from its relationship with JDH Corrosion Consultants, Orangewall, and OHSU.

126.    Defendant did not act with due care on behalf of VACC with respect to the Vollum project and 3rd Street Project and failed to take reasonable steps which would allow VACC to continue the economic relationship with JDH Corrosion Consultants, Orangewall, and OHSU following his departure.  Among other things, Defendant did not divulge to VACC the specifics, details or general information about the Vollum project or 3rd Street Project because he intended to poach at least those two projects from VACC on his departure.

127.    Such actions by Defendant were done with reckless disregard for the economic and commercial well-being of VACC and its economic relationship with JDH Corrosion Consultants, Orangewall, and OHSU.

128.    Defendant's wrongful conduct and negligent interference caused Orangewall and OHSU to remove the project from VACC and award the Vollum project to another firm.

129.    Defendant's wrongful conduct and negligent interference caused JDH Corrosion Consultants to remove the project from VACC and award the 3rd Street Project to another firm

130.    On information and belief, Defendant improperly used VACC's proprietary and confidential information to solicit the Vollum Project and 3rd Street Project and to improperly prepare bid proposals for that project for his own benefit in competition with VACC.

131.    VACC is informed and believes and thereon alleges that but for Defendant's negligence and wrongful intereference with VACC's rights under the Vollum contract and 3rd Street Project, VACC would have continued to provide consultation services under the contract to JDH Corrosion Consultants, Orangewall, and OHSU.

-18-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

132.    As a proximate result of the negligent interference by Defendant, VACC has sustained general damages in an amount presently unascertained.

133.    As a further proximate result of the negligent interference by Defendant, VACC has sustained incidental and consequential damages, including damage to its reputation, lost business opportunities to transact business with JDH Corrosion Consultants, Orangewall, and OHSU, and otherwise to perform and compete for other contracts in an amount presently unascertained.

## NINTH CLAIM FOR RELIEF

### (Intentional Interference with Prospective Economic Advantage)

134.    VACC realleges and incorporates by reference paragraphs 1- 133 as though fully set forth herein.

135.    VACC is informed and believes and thereon alleges that Defendant engaged in a conspiracy to undermine VACC's ability to continue consulting for Orangewall and OHSU under the Vollum contract.

136.    VACC is informed and believes and thereon alleges that Defendant engaged in a conspiracy to undermine VACC's ability to continue consulting for JDH Corrosion Consultants under the 3rd Street Project agreement.

137.    Defendant was aware that VACC, if it was aware of the Vollum project and 3rd Street Project, would bid to continue its role as the monitoring and acoustic design consultant on the Vollum project and 3rd Street Project.

138.    VACC is informed and believes and thereon alleges that Defendant convinced Orangewall and OHSU to transfer the consulting work for the Vollum Project from VACC to Defendant while defendant was still employed by VACC in violation of his fiduciary duty to VACC.

139.    VACC is informed and believes and thereon alleges that Defendant convinced JDH Corrosion Consultants to transfer the consulting work from the 3rd Street Project from VACC to Defendant while defendant was still employed by VACC in violation of his fiduciary duty to VACC.

-19-

1    140.    Defendant's wrongful conduct and intentional interference with VACC's

2    economic relationship with Orangewall and OHSU caused Orangewall and OHSU to remove the

3    project from VACC and award the Vollum project to another firm.  On information and belief,

4    that firm is Defendant's new firm.

5    141.    Defendant's wrongful conduct and intentional interference with VACC's

6    economic relationship with JDH Corrosion Consultants caused JDH Corrosion Consultants to

7    terminate its agreement with VACC and award the 3rd Street Project to another firm.  On

8    information and belied, that firm is Defendant's new firm.

9    142.    On information and belief, Defendant improperly used VACC's proprietary and

10   confidential information to solicit the Vollum Project and 3rd Street Project and to improperly

11   prepare bid proposals for those projects for his own benefit in competition with VACC.

12   143.    VACC is informed and believes and thereon alleges that but for Defendant's

13   intentional interference with VACC's right under the Vollum contract, VACC would continue to

14   provide consultation services under the contract to Orangewall and OHSU.

15   144.    VACC is informed and believes and thereon alleges that but for Defendant's

16   intentional interference with VACC's right under the 3rd Street Project agreement, VACC would

17   continue to provide consultation services under the agreement with JDH Corrosion Consultants.

18   145.    As a proximate result of the intentional interference by Defendant, VACC has

19   sustained general damages in an amount presently unascertained.

20   146.    As a further proximate result of the intentional interference by Defendant, VACC

21   has sustained incidental and consequential damages, including damage to its reputation, lost

22   business opportunities to transact business with JDH Corrosion Consultants, Orangewall, and

23   OHSU, and otherwise to perform and compete for other contracts in an amount presently

24   unascertained.

25   ///

26   ///

27   ///

28   ///

-20-

PLAINTIFF VACC, INC.'S COMPLAINT                                                      Case No.

**<u>PRAYER</u>**

WHEREFORE, VACC prays for judgment against Defendant as follows:

(a)     A judgment that VACC's employee(s) and appropriate third parties, if any, are an inventor or co-inventor of the provisional patent application and an order under 35 U.S.C. §256 ordering correction of the provisional patent application to add VACC's employee(s) as an inventor;

(b)     An order directing Defendant to take appropriate action to change the inventorship designation and add VACC's employee(s) and appropriate third parties, if any, as an inventor on the provisional application and any applications and patents issuing therefrom;

(c)     A judgment finding that VACC has full ownership interest in the provisional patent application and an order assigning the provisional patent application to VACC;

(d)     A judgment that VACC has an undivided ownership interest in the provisional patent application and any other patents or patent applications claiming priority to the provisional application;

(e)     A judgment that Defendant has been unjustly enriched at VACC's expense and an award to VACC of an amount equal to the Defendant's unjust enrichment;

(f)     A judgment that Defendant slandered the title of the CLAIMED INVENTION by failing to identify the true and correct inventors and owner of the CLAIMED INVENTION and an award to VACC of damages to include the diminution of value and impairment of salability of the CLAIMED INVENTION;

(g)     An award to VACC of damages to include attorneys' fees and costs to recover title to the CLAIMED INVENTION, as well as the diminution of value of the CLAIMED INVENTION;

(h)     A preliminary and thereafter a permanent injunction restraining and enjoining Defendant and all those in privity, concert or participation with Defendant from

Misappropriating or otherwise improperly using VACC's trade secrets;

Engaging in false advertising as prohibited by § 43(a) of the Lanham Act;

Engaging in false advertising or unfair business practices as prohibited by Cal.

-21-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    Bus. and Prof. Code § 17200, et seq.

2    (i)    An order requiring Defendant, and all those in privity, concert, or participation

3    with Defendant to deliver up trade secret information current in its, his, or her possession;

4    (j)    An award to VACC of actual, compensatory, punitive and exemplary damages;

5    (k)    A judgment and order requiring Defendants, jointly and severally, to pay VACC's

6    pre-judgment and post-judgment interest on the full amounts of the damages awarded;

7    (l)    A judgment that Defendant held VACC's property in a constructive trust;

8    (m)    A judgment requiring Defendant to pay the costs of this action (including all

9    disbursements) and attorneys' fees as provided by 35 U.S.C. §285, with prejudgment interest;

10    (n)    Award VACC its costs, including attorneys' fees, pursuant to the Lanham Act,

11    California Uniform Trade Secrets Act and as otherwise permitted by law.

12    (o)    Such other and further relief as this Court may deem just and equitable.

13

14

15    Dated:  March 18, 2016                    GORDON REES SCULLY MANSUKHANI, LLP

16

17                                            By:    _/s/ Mark S. Posard_____
                                                   Mark S. Posard
18                                                 Susan B. Meyer
                                                   Michael D. Kanach
19                                                 Attorneys for Plaintiff,
                                                   VACC, INC.

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

-22-

1

## <u>DEMAND FOR JURY TRIAL</u>

2          Pursuant to the Federal Rules of Civil Procedure Rule 28 and Civil Local Rule 3-6,

3  Plaintiff hereby demands that all issues so triable be determined by a jury.

4

5

Dated:  March 18, 2016                     GORDON REES SCULLY MANSUKHANI, LLP

6

7

                                              By:    */s/ Mark S. Posard*

8                                                     Mark S. Posard

9                                                   Susan B. Meyer
                                             Michael D. Kanach

10                                                  Attorneys for Plaintiff
                                             VACC, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

1110973/27209514v.1

PLAINTIFF VACC, INC.'S COMPLAINT                          Case No.